Nina W. Metcalf, et al.
vs. }Eq. No. 9798.
Sam Gordon, et al.

October 26, 1929.

BAKER, J. Heard on prayer for preliminary injunction.

The parties hereto are the owners of adjoining properties located on Angell Street in the City of Providence.

Complainants contend that the respondents are conducting a rooming house in violation of the provisions of the zoning ordinance of the City of Providence.

The property owned by the respondents consists of a three-story house with four rooms on each floor. The respondents do not occupy the premises themselves but have rented them for a period of three years with an option

of renewal for three additional years under a written lease dated the 11th day of September last.

The testimony shows that the lessee, together with her son who is a salesman, occupies the first floor of the premises in question consisting of four rooms with a kitchenette. It is claimed they live and get their meals there. The second and third floors, comprising in all eight rooms, are rented to roomers.

The complainants urge that this action violates the spirit, intent and letter of said zoning ordinance. The respondents, on the other hand, contend that under the ordinance their lessee has a right to use the property in the manner above described.

The property is located in a dwelling house district. Apparently nowhere in the ordinance is any specific reference made to rooming or lodging houses. In Section 4, which deals with accessory uses in residence districts, appears the following language: "In a dwelling or apartment occupied as a private residence, one or more rooms may be rented or table board furnished." It will at once be noted that there is no numerical restriction on the number of rooms in a dwelling which may be so used.

The respondents contend that their lessee is occupying the premises as her private residence and is renting rooms on the second and third floors.

In Section 28 of the ordinance dealing with definitions, is sub-section (16): "An 'accessory use' * * * is a subordinate use * * * customarily incident to and located on the lot occupied by the main use."

It is clear that a question might be raised as to whether the renting of rooms in the property under discussion is a subordinate use to that of residence for the lessee, or whether it is in itself the main use. Undoubtedly a very close and difficult question is raised relating to the scope of the zoning ordinance and the meaning and intent of its framers.

The object of the bill is to prevent the use now being made of the property and the relief prayed for is almost mandatory in its nature. The present hearing is preliminary and does not go to the merits of the bill. In view of the closeness and difficulty of the questions presented, the Court is of the opinion that it should maintain the present status quo and at this time should not grant the relief asked for.

The prayer for a preliminary injunction is denied.

For complainants: Edwards & Angell.

For respondents: Robinson & Robinson.